# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ZURICH AMERICAN INSURANCE CO.,**
**A New York Company,**

                                        **Plaintiff,**

**v.**                                                              **Cause No.**_____

**PHILLIP GADDY, as Personal Representative**
**of the Estate of SAMYEANN BENEVENTO,**
**deceased, and LOUIS BENEVENTO,**

## COMPLAINT FOR CIVIL RICO VIOLATIONS, FRAUD, FRAUDULENT MISREPRESENTATION, CONVERSION AND RESTITUTION

Plaintiff Zurich American Insurance Co. (hereinafter "Plaintiff"), as and for its Complaint against Defendants Phillip Gaddy, as Personal Representative of the Estate of Samyeann Benevento and Louis Benevento (hereinafter "Defendants"), states as follows:

### NATURE OF THE ACTION

1.    This action asserts federal claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961-1964, and supplemental state law claims under, *inter alia*, New Mexico's racketeering laws, NMSA §§ 30-4-1 to -6.  Plaintiff also seeks compensatory damages for fraud, fraudulent misrepresentation and conversion, as well as the equitable remedy of restitution.

### INTRODUCTION/SUMMARY OF ALLEGATIONS

2.    The deceased, Samyeann Benevento, was employed by LifePoint Hospital, Inc. and PHC-Las Cruces, Inc. d/b/a Memorial Medical Center (hereinafter "Memorial Medical

Center") as Physician Recruiter and Hospital Marketing Director from approximately 2003 through 2010. Through her direct participation in and conduct of Memorial Medical Center's business, Ms. Benevento engaged in a pattern of racketeering activity for the purpose of depriving Memorial Medical Center of a total of $565,615.77 of its property through the commission of numerous acts in violation of federal and state law, including fraud, forgery, embezzlement, mail fraud and bank fraud, over the period of February 2006 through November 2009.

3.     To carry out her racketeering scheme, Ms. Benevento defrauded Memorial Medical Center through the use of two fictitious vendors and forged and fictitious invoices, for the purpose of illegally converting assets of the Memorial Medical Center to Ms. Benevento and Defendant Louis Benevento's Bank of America joint checking account #0231000596 for their personal use.

4.     Ms. Benevento and Defendant Louis Benevento were married when she enacted her fraudulent and deceptive scheme, and thus the debt to Plaintiff incurred by Ms. Benevento is community debt for which Defendant Louis Benevento is individually liable to the extent of his community assets earned or obtained during his marriage to Ms. Benevento.

5.     To conceal her criminal acts, Ms. Benevento abused her position of trust with Memorial Medical Center to create two fictitious vendors, Commercial Marketing Consultants (hereinafter "CMC") and Commercial Photo Consultants (hereinafter "CPC"), to obtain payments from Memorial Medical Center under false pretenses for services that were never provided.

6.     Ms. Benevento fraudulently prepared invoices which were presented to Memorial Medical Center under the false pretenses that the invoices were from vendors who provided

advertising and marketing services to Memorial Medical Center, when, in fact, the vendors were fictitious entities and no services had been provided to Memorial Medical Center, in order to fraudulently induce payment to Ms. Benevento.  Over the course of three years and eleven months, Ms. Benevento fraudulently induced payment of at least 20 CPC invoices totaling $148,811.51 and at least 59 CMC invoices totaling $416,804.26.  *See Attached as "Exhibit A", Fraudulent Invoices to Memorial Medical Center.*

7.     To perpetuate and further her scheme, once Ms. Benevento had the forged and fraudulent invoices approved for payment by Memorial Medical Center, the payments would be mailed to her residence under the false pretenses that the payments were being mailed to marketing and advertising vendors for services received so that Ms. Benevento could perpetuate her scheme without detection.

8.     Upon receipt of the payments received from Memorial Medical Center under false and fraudulent pretenses, in order to perpetuate and further her scheme, Ms. Benevento then forged the endorsements for CMC and/or CPC on the checks and drew Memorial Medical Center funds held by federally-insured banking institutions for deposit into her joint checking account with Defendant Louis Benevento for their personal use.

9.     As a direct and proximate result of the racketeering activity engaged in by Ms. Benevento's unlawful enterprise, Memorial Medical Center has been wrongfully deprived of a total of $565,615.77.  Plaintiff Zurich American Insurance Co. has commenced this action as subrogee on behalf of Memorial Medical Center.

10.     Plaintiff seeks to recover treble damages from Defendant Louis Benevento, individually and/or from the Estate of Samyeann Benevento for all direct and consequential losses proximately caused by Ms. Benevento's illegal enterprise, based upon the value of all

3

property embezzled and/or converted by Ms. Benevento, together with all other economic losses suffered by Memorial Medical Center as a proximate result of Ms. Benevento's wrongful conduct. Plaintiff further sues for compensatory damages, an accounting, costs, pre-judgment interest and attorneys' fees.

## JURISDICTION AND VENUE

11.    The Court has jurisdiction over the federal claims asserted in this action pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1964.  The Court has supplemental jurisdiction over the state law claims asserted in this action pursuant to 28 U.S.C. § 1367.  Plaintiff's claims brought under New Mexico law are so related to the federal RICO claims, over which this Court has original jurisdiction, that they form part of the same case or controversy.

12.    The Court also has jurisdiction over both the parties and subject matter of this action pursuant to 28 U.S.C. § 1332 because the parties reside in different states and the amount in controversy exceeds $75,000.00.

13.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that all defendants reside in this judicial district, the events giving rise to the claims occurred in this judicial district, and property involved in these claims is located in this judicial district.

## THE PARTIES

14.    At all material times, Plaintiff Zurich American Insurance Co. was and is a New York corporation with its principal place of business in Schaumburg, IL.

15.    At all times material hereto, Plaintiff issued a policy of insurance to Memorial Medical Center, which covered, *inter alia*, certain losses and damages sustained by Memorial Medical Center.

16.     At all material times, Memorial Medical Center was leased on a long-term basis to PHC-Las Cruces, Inc., a wholly owned subsidiary of LifePoint Hospitals, Inc., from the County of Dona Ana, and the City of Las Cruces, State of New Mexico.  LifePoint Hospitals, Inc. is a Delaware corporation with its principal place of business in Brentwood, Tennessee. Plaintiff makes these claims as subrogee of Memorial Medical Center.

17.     Pursuant to the policy of insurance Plaintiff issued to Memorial Medical Center, Plaintiff was obligated to pay and did pay for losses and damages to Memorial Medical Center in the amount of $315,615.77.  Plaintiff is now equitably and contractually subrogated to the rights and claims of Memorial Medical Center against Defendants.

18.     Upon information and belief, Defendant Louis Benevento is an individual residing in Las Cruces, New Mexico.

19.     Phillip Gaddy is an individual residing in Albuquerque, New Mexico.

20.     A Petition to Appoint Personal Representative of the Estate of Samyeann Benevento has been filed simultaneously with this Complaint in the Third Judicial District, Dona Ana County to ensure appointment and to identify the Personal Representative of the Estate of Samyeann Benevento, due to the fact that it has been nearly a year and a Personal Representative has not yet been appointed.  Phillip Gaddy has agreed to serve as Personal Representative and is named as Personal Representative herein.

## FACTUAL BACKGROUND

21.     Plaintiff is, and at all times relevant herein, has been, a legitimate, licensed business engaged in providing insurance services through national commerce.  Memorial Medical Center is, and at all times relevant herein, has been, a legitimate, licensed business

5

engaged in national commerce.  Memorial Medical Center is a "person injured in his business or property by reason of a violation of [18 U.S.C. §] 1962 . . . ."

22.     Ms. Benevento was an employee of Memorial Medical Center from February 2001 until January 2010.  Beginning in 2003, when she was promoted from Physician Recruiter to Physician Recruiter and Hospital Marketing Director, Ms. Benevento had authority to retain the services of advertising and marketing vendors on behalf of Memorial Medical Center.   Ms. Benevento was therefore, at all times relevant herein, a person "employed by . . . [an] enterprise engaged in . . . interstate or foreign commerce" who "conduct[ed] or participate[d] . . . in the conduct of such enterprise's affairs through a pattern of racketeering activity" within the meaning of 18 U.S.C. § 1962 (c).

## THE SCHEME

23.     Upon information and belief, Ms. Benevento's racketeering scheme commenced on or about February 14, 2006 and continued through November 20, 2009.  During Ms. Benevento's employment as Hospital Marketing Director, she began to abuse the duties of loyalty and trust placed in her by creating two fictitious vendors, submitting forged and fraudulent invoices to Memorial Medical Center to obtain payment to the fictitious vendors for services that were never received, having payment to the fictitious vendors sent to her by the postal service, and then forging endorsements for the fictitious vendors for deposit into a checking account held by Ms. Benevento and her husband, Defendant Louis Benevento, for their personal use.  Thus, under cover of the legitimacy, Ms. Benevento utilized her access to business and financial opportunities to engage in a pattern of racketeering activity.

24.     Ms. Benevento, abusing her position of access, privilege and trust within Memorial Medical Center, used the interstate mails and federally-insured banking institutions to commit numerous fraudulent acts in furtherance of the Scheme.

## RACKETEERING ACTIVITY
## BANK FRAUD

25.     From 2001 through 2008, Ms. Benevento knowingly executed a scheme or artifact to obtain the monies, funds, credits, assets or other property under the custody or control of a federally-insured financial institution by means of false or fraudulent pretenses, representations, or promises in violation of 18 U.S.C. § 1344.

26.     It is not possible for Plaintiff to plead with particularity all instances of bank fraud that advanced, furthered, executed or concealed Ms. Benevento's scheme because the particulars of many such transactions were within the exclusive control and within the exclusive knowledge of Ms. Benevento.  By way of example, however, Ms. Benevento knowingly and intentionally committed the following fraudulent acts:

(A)     Each one of the checks listed below were made payable to fictitious vendor CPC, in payment of the corresponding forged and fraudulent invoices submitted by Ms. Benevento to Memorial Medical Center for payment. *See "Exhibit A"*.  Ms. Benevento forged and fraudulently endorsed the signature of "Commercial Photo Consultants, Inc." in order to obtain payment on said checks.  Wachovia Bank issued such payments under the false pretense that CPC was entitled to such funds, when in fact CPC was a fictitious entity and no services were provided to Memorial Medical Center to justify such payments and when the funds were actually obtained by Ms. Benevento, Ms. Benevento deposited the funds into Ms. Benevento and Defendant Louis Benevento's Bank of America joint checking account #0231000596 for their personal use, and Ms.

Benevento had no such authority to obtain such payments and was not entitled to such funds.

In furtherance of her fraudulent scheme, Ms. Benevento presented the following forged, checks obtained from Memorial Medical Center under fraudulent pretenses, to draw payment from Memorial Medical Center's account #2079900145298 held by Wachovia Bank:

(i)     On or about February 14, 2006, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $2,461.00 by drawing on Memorial Medical Center's account # 2079900145298 with Wachovia Bank check #1158696 in the sum of $2,461.00 payable to fictitious vendor CPC.

(ii)    On or about March 8, 2006, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $2,568.00 by drawing on Memorial Medical Center's account # 2079900145298 with Wachovia Bank check #1180087 in the sum of $2,568.00, payable to fictitious vendor CPC.

(iii)   On or about March 31, 2006, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $5,350.00 by drawing on Memorial Medical Center's account # 2079900145298 with Wachovia Bank check #1193265 in the sum of $5,350.00, payable to fictitious vendor CPC.

(iv)    On or about May 4, 2006, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $6,667.77 by

drawing on Memorial Medical Center's account # 2079900145298 with Wachovia Bank check #1222707 in the sum of $6,667.77, payable to fictitious vendor CPC.

(v)     On or about June 2, 2006, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $7,776.00 by drawing on Memorial Medical Center's account # 2079900145298 with Wachovia Bank check #1252899 in the sum of $7,776.00, payable to fictitious vendor CPC.

(vi)    On or about July 11, 2006, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $6,420.00 by drawing on Memorial Medical Center's account # 2079900145298 with Wachovia Bank check #1288056 in the sum of $6,420.00, payable to fictitious vendor CPC.

(vii)   On or about July 27, 2006, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $6,634.00 by drawing on Memorial Medical Center's account # 2079900145298 with Wachovia Bank check #1306330 in the sum of $6,634.00, payable to fictitious vendor CPC.

(viii)  On or about August 24, 2006, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $8,141.50 by drawing on Memorial Medical Center's account # 2079900145298 with Wachovia Bank check #1335817 in the sum of $8,141.50, payable to fictitious vendor CPC.

(ix)    On or about August 24, 2006, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $8,141.50 by drawing on Memorial Medical Center's account # 2079900145298 with Wachovia Bank check #1335817 in the sum of $8,141.50, payable to fictitious vendor CPC.

(x)    On or about September 21, 2006, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $7,875.00 by drawing on Memorial Medical Center's account # 2079900145298 with Wachovia Bank check #1369710 in the sum of $7,875.00, payable to fictitious vendor CPC.

(xi)    On or about October 4, 2006, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $4,285.00 by drawing on Memorial Medical Center's account # 2079900145298 with Wachovia Bank check #1377659 in the sum of $4,285.00, payable to fictitious vendor CPC.

(xii)    On or about October 24, 2006, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $7,713.00 by drawing on Memorial Medical Center's account # 2079900145298 with Wachovia Bank check #1401269 in the sum of $7,713.00, payable to fictitious vendor CPC.

(xiii)    On or about October 24, 2006, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $7,713.00 by drawing on Memorial Medical Center's account # 2079900145298

with Wachovia Bank check #1401269 in the sum of $7,713.00, payable to fictitious vendor CPC.

(B)     Each one of the checks listed below was made payable to fictitious vendor CPC, in payment of the corresponding forged and fraudulent invoices submitted by Ms. Benevento to Memorial Medical Center for payment.  *See "Exhibit A".*  Ms. Benevento forged and fraudulently endorsed the signature of "Commercial Photo Consultants, Inc." in order to obtain payment on said checks.  Suntrust Bank issued such payments under the false pretense that CPC was entitled to such funds, when in fact CPC was a fictitious entity and no services were provided to Memorial Medical Center to justify such payments and when the funds were actually obtained by Ms. Benevento, Ms. Benevento deposited the funds into Ms. Benevento and Defendant Louis Benevento's Bank of America joint checking account #0231000596 for their personal use, and Ms. Benevento had no such authority to obtain such payments and was not entitled to such funds.

In furtherance of her fraudulent scheme, Ms. Benevento presented the following forged checks obtained from Memorial Medical Center under fraudulent pretenses to draw payment from Memorial Medical Center's account #8800614888 held by Suntrust Bank:

(i)     On or about November 2, 2006, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $8,034.38 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #2429 in the sum of $8,034.38, payable to fictitious vendor CPC.

11

(ii)     On or about November 29, 2006, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $8,784.25 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #2429 in the sum of $8,784.25, payable to fictitious vendor CPC.

(iii)    On or about December 29, 2006, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $6,863.12 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #57983 in the sum of $6,863.12, payable to fictitious vendor CPC.

(iv)     On or about January 11, 2007, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $10,498.25 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #85037 in the sum of $10,498.25, payable to fictitious vendor CPC.

(v)      On or about February 13, 2007, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $7,713.00 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #123765 in the sum of $7,713.00, payable to fictitious vendor CPC.

(vii)    On or about March 7, 2007, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $12,851.00 by drawing on Memorial Medical Center's account

12

# 8800614888 with Suntrust Bank check #152464 in the sum of $12,851.00, payable to fictitious vendor CPC.

(viii)   On or about April 5, 2007, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $9,105.62 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #187150 in the sum of $9,105.62, payable to fictitious vendor CPC.

(C)   Each one of the checks listed below was made payable to fictitious vendor CMC, in payment of the corresponding forged and fraudulent invoices submitted by Ms. Benevento to Memorial Medical Center for payment.  *See "Exhibit A"*.  Ms. Benevento forged and fraudulently endorsed the signature of "Commercial Marketing Consultants, Inc." in order to obtain payment on said checks.  Suntrust Bank issued such payments under the false pretense that CMC was entitled to such funds, when in fact CMC was a fictitious entity and no services were provided to Memorial Medical Center to justify such payments and when the funds were actually obtained by Ms. Benevento, Ms. Benevento deposited the funds into Ms. Benevento and Defendant Louis Benevento's Bank of America joint checking account #0231000596 for their personal use, and Ms. Benevento had no such authority to obtain such payments and was not entitled to such funds.

In furtherance of her fraudulent scheme, Ms. Benevento presented the following forged checks obtained from Memorial Medical Center under fraudulent pretenses to draw payment from Memorial Medical Center's account #8800614888 held by Suntrust Bank:

13

(i)      On or about May 15, 2007, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $9,105.62 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #225513 in the sum of $9,105.62, payable to fictitious vendor CMC.

(ii)     On or about June 20, 2007, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $9,855.00 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #265001 in the sum of $9,855.00, payable to fictitious vendor CMC.

(iii)    On or about July 2, 2007, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $5,205.50 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #279961 in the sum of $5,205.50, payable to fictitious vendor CMC.

(iv)     On or about July 25, 2007, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $9,212.75 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #310013 in the sum of $9,212.75, payable to fictitious vendor CMC.

(v)      On or about August 27, 2007, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $8,834.59 by drawing on Memorial Medical Center's account # 8800614888 with

Suntrust Bank check #344805 in the sum of $8,834.59, payable to fictitious vendor CMC.

(vi)     On or about September 10, 2007, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $3,213.75 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #367734 in the sum of $3,213.75, payable to fictitious vendor CMC.

(vii)     On or about September 25, 2007, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $8,462.00 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #385266 in the sum of $8,462.00, payable to fictitious vendor CMC.

(viii)    On or about October 11, 2007, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $9,513.41 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #405340 in the sum of $9,513.41, payable to fictitious vendor CMC.

(ix)     On or about November 7, 2007, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $10,303.20 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #435944 in the sum of $10,303.20, payable to fictitious vendor CMC.

(x)      On or about November 8, 2007, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $3,321.00 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #438070 in the sum of $3,321.00, payable to fictitious vendor CMC.

(xi)   On or about December 12, 2007, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $10,987.70 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #474755 in the sum of $10,987.70, payable to fictitious vendor CMC.

(xii)   On or about January 15, 2008, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $15,220.32 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #510148 in the sum of $15,220.32, payable to fictitious vendor CMC.

(xiii)   On or about January 28, 2008, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $6,748.87 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #523734 in the sum of $6,748.87, payable to fictitious vendor CMC.

(xiv)   On or about February 12, 2008, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $7,136.89 by drawing on Memorial Medical Center's account # 8800614888 with

Suntrust Bank check #541087 in the sum of $7,136.89, payable to fictitious vendor CMC.

(xv)  On or about March 5, 2008, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $5,484.80 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #567117 in the sum of $5,484.80, payable to fictitious vendor CMC.

(xvi)  On or about March 8, 2008, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $6,526.59 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #571257 in the sum of $6,526.59, payable to fictitious vendor CMC.

(xvii)  On or about March 18, 2008, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $5,484.80 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #582826 in the sum of $5,484.80, payable to fictitious vendor CMC.

(xviii)  On or about April 16, 2008, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $9,202.03 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #616512 in the sum of $9,202.03, payable to fictitious vendor CMC.

(xix)  On or about April 29, 2008, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $6,984.55 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #631393 in the sum of $6,984.55, payable to fictitious vendor CMC.

(xx)  On or about May 5, 2008, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $6,404.16 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #638645 in the sum of $6,404.16, payable to fictitious vendor CMC.

(xxi)  On or about May 28, 2008, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $7,230.00 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #665498 in the sum of $7,230.00, payable to fictitious vendor CMC.

(xxii)  On or about June 7, 2008, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $8,275.40 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #677211 in the sum of $8,275.40, payable to fictitious vendor CMC.

(xxiii)  On or about June 16, 2008, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $6,378.22 by drawing on Memorial Medical Center's account # 8800614888 with

Suntrust Bank check #687294 in the sum of $6,378.22, payable to fictitious vendor CMC.

(xxiv)   On or about June 28, 2008, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $4,322.49 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #702173 in the sum of $4,322.49, payable to fictitious vendor CMC.

(xxv)   On or about July 8, 2008, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $7,150.59 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #713046 in the sum of $7,150.59, payable to fictitious vendor CMC.

(xxvi)   On or about July 22, 2008, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $7,525.53 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #728623 in the sum of $7,525.53, payable to fictitious vendor CMC.

(xxvii)   On or about August 3, 2008, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $7,570.86 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #743212 in the sum of $7,570.86, payable to fictitious vendor CMC.

(xxviii)  On or about August 12, 2008, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $9,081.59 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #751895 in the sum of $9,081.59, payable to fictitious vendor CMC.

(xxix)  On or about August 19, 2008, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $6,047.20 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #759481 in the sum of $6,047.20, payable to fictitious vendor CMC.

(xxx)  On or about September 6, 2008, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $10,739.28 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #779334 in the sum of $10,739.28, payable to fictitious vendor CMC.

(xxxi)  On or about September 15, 2008, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $5,629.41 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #789498 in the sum of $5,629.41, payable to fictitious vendor CMC.

(xxxii)  On or about September 23, 2008, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $14,993.28 by drawing on Memorial Medical Center's account

# 8800614888 with Suntrust Bank check #799306 in the sum of $14,993.28, payable to fictitious vendor CMC.

(xxxiii) On or about October 13, 2008, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $12,095.65 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #822026 in the sum of $12,095.65, payable to fictitious vendor CMC.

(xxxiv) On or about October 23, 2008, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $14,659.74 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #836649 in the sum of $14,659.74, payable to fictitious vendor CMC.

(xxxv)  On or about November 12, 2008, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $8,787.59 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #858383 in the sum of $8,787.59, payable to fictitious vendor CMC.

(xxxvi)  On or about November 24, 2008, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $13,390.00 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #872182 in the sum of $13,390.00, payable to fictitious vendor CMC.

(xxxvii)  On or about December 15, 2008, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $7,445.19 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #895493 in the sum of $7,445.19, payable to fictitious vendor CMC.

(xxxviii)  On or about December 22, 2008, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $9,169.90 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #903798 in the sum of $9,169.90, payable to fictitious vendor CMC.

(xxxix)  On or about January 10, 2009, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $1,069.89 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #923788 in the sum of $1,069.89, payable to fictitious vendor CMC.

(xxxx)  On or about January 27, 2009, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $5,602.63 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #941972 in the sum of $5,602.63, payable to fictitious vendor CMC.

(xxxxi)  On or about February 19, 2009, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $9,399.78 by drawing on Memorial Medical Center's account # 8800614888 with

Suntrust Bank check #970611 in the sum of $9,399.78, payable to fictitious vendor CMC.

(xxxxii)  On or about March 5, 2009, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $4,653.51 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #985614 in the sum of $4,653.51, payable to fictitious vendor CMC.

(xxxxiii)  On or about March 12, 2009, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $2,303.00 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #995343 in the sum of $2,303.00, payable to fictitious vendor CMC.

(xxxxiv)  On or about March 25, 2009, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $5,236.65 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #1009825 in the sum of $5,236.65, payable to fictitious vendor CMC.

(xxxxv)  On or about April 11, 2009, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $2,303.18 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #1030834 in the sum of $2,303.18, payable to fictitious vendor CMC.

(xxxxv)  On or about April 15, 2009, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $4,927.75 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #1035202 in the sum of $4,927.75, payable to fictitious vendor CMC.

(xxxxvi)  On or about May 18, 2009, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $7,471.96 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #1072556 in the sum of $7,471.96, payable to fictitious vendor CMC.

 (xxxxvii)  On or about June 8, 2009, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $2,892.37 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #1096847 in the sum of $2,892.37, payable to fictitious vendor CMC.

(xxxxviii)  On or about June 17, 2009, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $5,784.75 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #1108118 in the sum of $5,784.75, payable to fictitious vendor CMC.

(xxxxix)  On or about June 25, 2009, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $5,784.75 by drawing on Memorial Medical Center's account # 8800614888 with

Suntrust Bank check #1117655 in the sum of $5,784.75, payable to fictitious vendor CMC.

(xxxxx)   On or about July 11, 2009, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $8,702.48 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #1134411 in the sum of $8,702.48, payable to fictitious vendor CMC.

(xxxxxi)   On or about July 30, 2009, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $5,255.15 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #1157154 in the sum of $5,255.15, payable to fictitious vendor CMC.

(xxxxxii)   On or about August 15, 2009, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $4,840.02 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #1174036 in the sum of $4,840.02, payable to fictitious vendor CMC.

(xxxxxiii)   On or about August 24, 2009, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $4,840.02 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #1183072 in the sum of $4,840.02, payable to fictitious vendor CMC.

(xxxxxiv)   On or about September 7, 2009, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $6,401.51 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #1200276 in the sum of $6,401.51, payable to fictitious vendor CMC.

(xxxxxv) On or about September 22, 2009, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $6,401.51 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #1217137 in the sum of $6,401.51, payable to fictitious vendor CMC.

(xxxxxvi)   On or about October 6, 2009, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $6,401.51 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #1234822 in the sum of $6,401.51, payable to fictitious vendor CMC.

(xxxxxvii)   On or about October 20, 2009, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $4,840.02 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #1250975 in the sum of $4,840.02, payable to fictitious vendor CMC.

(xxxxxviii)   On or about November 12, 2009, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $5,736.51 by drawing on Memorial Medical Center's account

26

# 8800614888 with Suntrust Bank check #1279163 in the sum of $5,736.51, payable to fictitious vendor CMC.

(xxxxxix)   On or about November 30, 2009, in furtherance of her fraudulent scheme, Ms. Benevento defrauded Memorial Medical Center of $7,216.18 by drawing on Memorial Medical Center's account # 8800614888 with Suntrust Bank check #1297285 in the sum of $7,216.18, payable to fictitious vendor CMC.

27.    In engaging in the foregoing financial transactions with the proceeds of transactions derived from specified unlawful activity including, but not limited to, bank fraud and mail fraud, defendants intended to engage in conduct constituting a violation of section 7201 and/or 7206 of the Internal Revenue Code of 1986 and, in whole or in part, engaged in such monetary transactions for the purpose of concealing or disguising the nature, location, source, ownership or control of the proceeds of such specified unlawful activity.

28.    This racketeering enterprise was sustained over three years and eleven months through a pattern of racketeering activity involving numerous individual transactions involving multiple corporate bank accounts of Memorial Medical Center.  Counsel for Plaintiff believes and represents to the Court that after a reasonable opportunity for further investigation and discovery, counsel will be able to plead with particularity many more fraudulent acts committed by Ms. Benevento in furtherance of her scheme.

## MAIL FRAUD

29.    From February 2006 through November 2009, in furtherance of her scheme to defraud Memorial Medical Center and obtain Memorial Medical Center's property by means of false and fraudulent pretenses and misrepresentations, Ms. Benevento used official depositories

of the United States Postal Service and private and/or commercial interstate carriers, to have checks sent from Memorial Medical Center to her home address at 6884 Via Emma Drive, Las Cruces, New Mexico under the pretense that the checks were being mailed to third party vendors CMC and CPC for the payment of advertising and marketing services received by Memorial Medical Center, when, in fact, CMC and CPC were fictitious entities, no services were provided to Memorial Medical Center, and payments were actually mailed to Ms. Benevento's residence.

30.     It is not possible for Plaintiff to plead with particularity all instances of mail fraud that advanced, furthered, executed or concealed Ms. Benevento's scheme because the particulars of most such transactions were within the exclusive control and within the exclusive knowledge of Ms. Benevento.   By way of example, however, Ms. Benevento specifically obtained the checks specified in paragraph 26 and its subsections, supra, under fraudulent pretenses and had the checks mailed to her residence under fraudulent pretenses for the purpose of advancing, furthering, executing, concealing, conducting, participating in or carrying out her scheme:

31.     Each and every use of the U. S. Postal Service described above was committed by Ms. Benevento with the specific intent to defraud Memorial Medical Center, or to obtain the money or property of Memorial Medical Center by means of false or fraudulent pretenses, representations, or promises.   Ms. Benevento's acts of mail fraud in violation of 18 U.S.C. § 1341 & 1343 constitute racketeering activity as defined by 18 U.S.C. § 1961(1)(B).

32.     Plaintiff believes that, given a reasonable opportunity for further investigation and discovery, it will be able to plead with particularity additional instances of mail fraud committed by Ms. Benevento during the applicable time period.

**COUNT I:  JOINT AND SEVERAL LIABILITY OF
DEFENDANT LOUIS BENEVENTO
FOR THE RACKETEERING ACTIVITY AND INTENTIONAL TORTS
OF MS. BENEVENTO**

33.    Plaintiff repeats and realleges all facts and allegations previously set forth in paragraphs 1 through 32 of Plaintiff's Complaint as if fully set forth herein.

34.    Defendant Louis Benevento was married to Ms. Benevento during her employment with Memorial Medical Center and during the commission of her racketeering scheme described in paragraphs 21 through 32, supra, paragraphs 38 through 60, infra, or, in the alternative, during the commission of her intentional torts described in paragraphs 61 through 83, infra.

35.    Ms. Benevento deposited Memorial Medical Center funds fraudulently obtained through her racketeering scheme into the Ms. Benevento and Defendant Louis Benevento's Bank of America joint checking account #0231000596 for their personal use, for the benefit of the marital community or for the potential benefit of the marital community.

36.    Defendant Louis Benevento is liable for the intentional torts of his wife, Ms. Benevento, that benefited or potentially benefitted the marital community, to the extent of his community assets earned or obtained during his marriage to Ms. Benevento.

37.    There is a presumption that assets held in joint tenancy between husband and wife were for the benefit of the marital community.

**COUNT II:  CIVIL RICO CLAIMS FOR VIOLATIONS
OF 18 U.S.C. § 1962(c)**

38.    Plaintiff repeats and realleges all facts and allegations previously set forth in paragraphs 1 through 37 of Plaintiff's Complaint as if fully set forth herein.

29

39.     At all material times, Plaintiff and Memorial Medical Center was and is an enterprise engaged in, and the activities of which affect, interstate and foreign commerce.

40.     At all material times, Memorial Medical Center was a victim enterprise and constituted an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c), in that it was a corporation with an ongoing ascertainable structure and organization with its own hierarchy or consensus of decision-making.

41.     At all relevant times herein, Ms. Benevento was an individual "person," within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c) who was employed by and associated with Memorial Medical Center.

42.     Ms. Benevento conducted and participated in the conduct of Memorial Medical Center's affairs through a pattern of racketeering activity.

43.     The purpose of Ms. Benevento's racketeering scheme was to deprive Memorial Medical Center of its property without authorization and convert such property to the personal use of Ms. Benevento and Defendant Louis Benevento.

44.     Pursuant to said pattern of racketeering activity, Ms. Benevento committed hundreds of predicate acts in violation of 18 U.S.C. § 1961 including, but not limited to, mail fraud in violation of 18 U.S.C. § 1341 and bank fraud in violation of 18 U.S.C. § 1344, as described with particularity in paragraphs 21 to 32, supra.  These acts all occurred after the effective date of RICO, and more than two such acts occurred within ten years of one another.

45.     Ms. Benevento's fraudulent scheme violates 18 U.S.C. § 1962(c), which makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or

indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

46.     All of the predicate acts described in paragraphs 21 to 32, supra, were related so as to establish a pattern of racketeering activity within the meaning of 18 U.S.C. § 1962(c), in that their common purpose was to deprive Memorial Medical Center of property and money; Ms. Benevento, directly participated in all of the acts and employed the same or similar methods of commission; Memorial Medical Center was the victim of all of the acts of racketeering; and the acts of racketeering were otherwise interrelated by distinguishing characteristics and were not isolated events.

47.     All of the predicate acts described in paragraphs 21 to 32, supra, were continuous so as to form a pattern of racketeering activity in that Ms. Benevento engaged in the predicate acts over a substantial period of time, or in that such predicate acts had become Ms. Benevento's regular way of conducting business, and said business practices would have continued indefinitely into the future.

48.     As a direct and proximate result of Ms. Benevento's racketeering activities, Memorial Medical Center has been injured in its business or property, within the meaning of 18 U.S.C. § 1964(c).

49.     As a direct and proximate result of Ms. Benevento's racketeering activities, Plaintiff has been injured in an amount to be determined by the Court, but in any event no less than $565,615.77.

50.     Accordingly, pursuant to 18 U.S.C. § 1964(c), Plaintiff is entitled to compensatory damages in the amount of $565,615.77, treble damages in the amount of $1,696,847.30, its costs, and reasonable attorneys' fees.

**COUNT III:  CIVIL RICO CLAIMS FOR VIOLATIONS OF THE
NEW MEXICO RACKETEERING ACT, N.M.S.A. §§ 30-42-1 *et seq.***

51.     Plaintiff repeats and realleges all facts and allegations previously set forth in paragraphs 1 through 50 of Plaintiff's Complaint as if fully set forth herein.

52.     Predicate Acts: Ms. Benevento committed numerous acts of embezzlement, criminal fraud and larceny in violation of the criminal laws of New Mexico, including, but not limited to, the acts described in paragraphs 21 to 32, supra.

53.     The fraudulent invoices described in paragraph 6, supra, and attached hereto as "Exhibit A", were presented to Memorial Medical Center in order to obtain Memorial Medical Center funds under false and fraudulent pretenses.  Each fraudulent invoice constitutes a third degree felony under N.M.S.A. § 30-16-6(E), or, in the alternative, N.M.S.A. § 30-16-8(E), in that Ms. Benevento engaged in such fraudulent conduct, practices and representations with the intent to misappropriate and take funds from Memorial Medical Center, and each invoice was used by Ms. Benevento convert Memorial Medical Center funds with a value of more than $2,500.00 with the intention to deprive Memorial Medical Center thereof.

54.     Pattern of Racketeering Activity: During her employment with Memorial Medical Center, Ms. Benevento utilized her criminal enterprise to engage in an extensive and extremely lucrative pattern of racketeering activity. These acts included, but are not limited to, the acts described in paragraphs 21 to 32, supra.

55.     The numerous acts of fraud, larceny and embezzlement by Ms. Benevento enumerated herein constitute "racketeering" acts within the meaning of N.M.S.A. § 30-42-3(A)(5), (6) & (7).

56.     Ms. Benevento is a "person" within the meaning of N.M.S.A. § 30-42-3(B).

57.     Memorial Medical Center is a victim "enterprise" within the meaning of N.M.S.A. § 30-42-3(C).

58.     Ms. Benevento has engaged in a "pattern of racketeering activity" within the meaning of N.M.S.A. § 30-42-3(D), in that: (a) Ms. Benevento has engaged in at least two incidents of racketeering with the intent of accomplishing at least one of the prohibited activities set forth in N.M.S.A. § 30-42-4(A)-(D); (b) at least one of such incidents occurred after the effective date of the Racketeering Act, and (c) the last incident occurred within five years after the commission of a prior incident of racketeering, as detailed in paragraphs 21 through 32 herein.

59.     Memorial Medical Center is an entity that has sustained injury to its business and property as a proximate result of the pattern of racketeering activity engaged in by Ms. Benevento.

60.     Accordingly, pursuant to N.M.S.A. § 30-42-6, Plaintiff is entitled to, and prays this honorable Court for, the following relief under the New Mexico Racketeering Act:

(A)     An order, pursuant to N.M.S.A. §30-42-6(C) restraining Defendants, their agents, transferees, garnishees and debtors from selling, assigning, encumbering, secreting, transferring or dissipating any property, real or personal, acquired by Defendant Louis Benevento or the Estate of Samyeann Benevento during the period of Ms. Benevento's employment with the Memorial Medical Center and, in any event at least from February 2003 to the date of this proceeding;

(B)     Damages in an amount to be proved at trial to have been sustained by Plaintiff as a result of injuries caused by Ms. Benevento's racketeering activities, but in no event less than $565,615.77;

33

(C)     An order, pursuant to N.M.S.A. §30-42-6 (D)(4), requiring Defendant Louis Benevento and/or the Personal Representative of the Estate of Samyeann Benevento to pay Plaintiff three times the damages proved to have been sustained by Memorial Medical Center as a result of injuries caused by Ms. Benevento's racketeering activities, and;

(D)     An order, pursuant to N.M.S.A. §30-42-6 (D)(5), directing  Defendant Louis Benevento and/or the Personal Representative of the Estate of Samyeann Benevento to pay Plaintiff all costs and expenses, including reasonable attorney's fees, incurred by Plaintiff in the prosecution and investigation of the racketeering activities of the Ms. Benevento that form the basis for the claims under the Racketeering Act in this proceeding.

## COUNT IV:  COMMON LAW FRAUD/ FRAUDULENT MISREPRESENTATION

61.     Plaintiff repeats and realleges all facts and allegations previously set forth in paragraphs 1 through 60 of Plaintiff's Complaint as if fully set forth herein.

62.     Ms. Benevento, as Memorial Medical Center's Physician Recruiter and Director of Marketing, owed a fiduciary duty of loyalty to Memorial Medical Center, her employer, to act in the best interests of Memorial Medical Center, to perform her vested duties and to refrain from engaging in fraud, larceny and embezzlement at Memorial Medical Center's expense.

63.     Memorial Medical Center, in reliance upon Ms. Benevento's duty of loyalty, arising both from her legal obligations and from a pattern of dealing established over years of apparently honest service to the company, entrusted Ms. Benevento with authority to retain advertising and marketing vendors on behalf of Memorial Medical Center.

64.     Ms. Benevento, taking advantage of her position of authority, invented fictitious advertising and marketing vendors, CMC and CPC, and submitted the forged and fraudulent invoices to Memorial Medical Center for approval and payment. *See "Exhibit A".*

65.     Memorial Medical Center reasonably relied upon Ms. Benevento's legal obligations and apparently honorable prior conduct as an employee, and acted upon Ms. Benevento's material misrepresentations that actual vendors had provided it with marketing and advertising services, when in actuality, the CMC and CPC were fictitious entities and Memorial Medical Center was not provided with any services of value.

66.     Ms. Benevento acted with intent to deceive Memorial Medical Center and to deprive Memorial Medical Center of its assets.

67.     Ms. Benevento provided the address for her own residence as the business addresses of the fictitious vendors so that payment from Memorial Medical Center was sent to Ms. Benevento.

68.     Ms. Benevento then forged the endorsement for the fictitious vendors on the checks received from Memorial Medical Center and had the funds from Memorial Medical Center deposited into Ms. Benevento and Defendant Louis Benevento's Bank of America joint checking account #0231000596 for their personal use.

69.     Ms. Benevento's common law fraud and/or fraudulent misrepresentations benefitted or potentially benefited the marital community, and Defendant Louis Benevento is jointly and severally liable to the extent of the community assets earned or obtained during his marriage to Ms. Benevento.

70.     Had Memorial Medical Center known of Ms. Benevento's material misrepresentations, it would have terminated her employment immediately and removed her from all her authority as Physician Recruiter and Director of Marketing.

71.     As a proximate result of Memorial Medical Center's reliance on Ms. Benevento's material misrepresentations, Memorial Medical Center was damaged in an amount to be determined by the Court, but in no event less than $565,615.77.

72.     As a result, Defendant Louis Benevento and/or the Personal Representative of the Estate of Samyeann Benevento should be ordered to disgorge to Plaintiff all assets acquired as a result of Ms. Benevento's fraud, including, but not limited to funds taken from Memorial Medical Center and/or to compensate plaintiff in an amount to be determined by the Court, but in no event less than $565,615.77, plus costs, pre-judgment interest and reasonable attorneys' fees.

## COUNT V:  CONVERSION

73.     Plaintiff repeats and realleges all facts and allegations previously set forth in paragraphs 1 through 72 of Plaintiff's Complaint as if fully set forth herein.

74.     Memorial Medical Center owned and had a right to possession and ownership of all revenues, property, income and profits generated by the operation of its business, subject to the payment of legitimate corporate expenses and liabilities.

75.     Memorial Medical Center entrusted Ms. Benevento with the right to retain advertising and marketing vendors to provide advertising and marketing services for Memorial Medical Center in accordance with the best interests of plaintiff.

76.     Ms. Benevento, through her fraudulent scheme, violated that trust by secretly acting to obtain funds from Memorial Medical Center under false pretenses and convert the funds for her personal use and the use of her husband, Defendant Louis Benevento.

77.     Ms. Benevento's receipt and use of the Memorial Medical Center funds obtained under the false pretenses that they were payment for advertising and marketing services, were unauthorized and in violation of Memorial Medical Center's rights.

78.     By reason of the foregoing, Defendant Louis Benevento and/or the Personal Representative of the Estate of Samyeann Benevento should be ordered to return said revenues, property, income and profits to Plaintiff including, but not limited to the funds misappropriated from Memorial Medical Center, and/or to compensate Plaintiff for the conversion of said funds in an amount to be determined by the Court, but in no event less than $565,615.77, plus costs, pre-judgment interest and reasonable attorneys' fees.

## COUNT VI:  RESTITUTION

79.     Plaintiff repeats and realleges all facts and allegations previously set forth in paragraphs 1 through 78 of Plaintiff's Complaint as if fully set forth herein.

80.     In wrongfully taking ownership and control of Memorial Medical Center's interest in its revenues, property, income and profits and wrongfully depriving Memorial Medical Center of said interest, Ms. Benevento enriched herself to Memorial Medical Center's detriment.

81.     Ms. Benevento's intentional torts benefited or potentially benefited the marital community, and Defendant Louis Benevento is jointly and severally liable to the extent of his community assets earned or obtained during his marriage to Ms. Benevento.

82.     It would be unjust to allow Defendant Louis Benevento and/or the Estate of Samyeann Benevento to retain the benefits of the revenues, property, income and profits Ms. Benevento has wrongfully taken from Memorial Medical Center.

83.     By reason of the foregoing, Defendant Louis Benevento and/or the Personal Representative of the Estate of Samyeann Benevento should be ordered to return to Plaintiff said property, including, but not limited to the funds taken from Memorial Medical Center and/or to compensate Plaintiff for the loss of said property in an amount to be determined by the Court, but in no event less than $565,615.77, plus costs, pre-judgment interest and reasonable attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(1)     On Count I, For the Joint and Several Liability of Defendant Louis Benevento for the Racketeering Activity and Intentional Torts of Ms. Benevento:

(A)     Defendant Louis Benevento to compensate Plaintiff for the acts of racketeering and/or the intentional torts of his wife, Ms. Benevento, to the extent of his community assets earned or obtained during his marriage to Ms. Benevento, in an amount to be proved at trial, but in no event less than $565,615.77.

(2)     On Count II, pursuant to Section 1962(c) of the Racketeering and Corrupt Organizations Act,

(A) Awarding Plaintiff, pursuant to 18 U.S.C. § 1964(c), damages in an amount to be proved at trial to compensate Plaintiff for the injury to Memorial Medical Center's business and property proximately caused by Ms. Benevento's racketeering activities, but in any event no less than $565,615.77;

(B) Awarding Plaintiff, pursuant to 18 U.S.C. § 1964(c), threefold the damages awarded as compensatory damages pursuant to subsection (A) hereof, and

(C) Awarding Plaintiff, pursuant to 18 U.S.C. § 1964(c), costs of this suit, including a reasonable attorneys' fee;

(3)     On Count III, pursuant to the New Mexico Racketeering Act,

(A) Restraining Defendants, their agents, transferees, garnishees and debtors from selling, assigning, encumbering, secreting, transferring or dissipating any assets acquired by Defendant Louis Benevento or the Estate of Samyeann Benevento during the period of Ms. Benevento's employment with the Memorial Medical Center and, in any event at least from February 2003 to the date of this proceeding;

(B) Awarding Plaintiff damages in an amount to be proved at trial to have been sustained as a result of injuries caused by Ms. Benevento's racketeering activities, but in no event less than $565,615.77;

(C) Directing Defendant Louis Benevento and/or the Personal Representative of the Estate of Samyeann Benevento to pay to Plaintiff three times the damages proved to have been sustained by Memorial Medical Center as a result of injuries caused by Ms. Benevento's racketeering activities, and;

(D) Directing Defendant Louis Benevento and/or the Personal Representative of the Estate of Samyeann Benevento to pay to Plaintiff all costs and expenses incurred by Plaintiff in the prosecution and investigation of the racketeering activities of Ms. Benevento that form the basis for the claims under the Racketeering Act in this proceeding.

(4)     On Count IV: for Common-Law Fraud and Fraudulent Misrepresentation, that Defendant Louis Benevento and/or the Personal Representative of the Estate of Samyeann Benevento be ordered to disgorge to Plaintiff all assets acquired as a result of Ms. Benevento's fraud, including, but not limited to, funds taken from Memorial Medical Center and/or to compensate Plaintiff in an amount to be determined by the Court, but in no event less than $565,615.77, plus costs, pre-judgment interest and reasonable attorneys' fees;

(5)     On Count V, for Conversion, that Defendant Louis Benevento and/or the Personal Representative of the Estate of Samyeann Benevento be ordered to return to Plaintiff all wrongfully converted revenues, property, income and profits of Memorial Medical Center, including, but not limited to, funds taken from Memorial Medical Center and/or to compensate plaintiff for the conversion of said revenues, property, income and profits in an amount to be determined by the Court, but in no event less than $565,615.77, plus costs, pre-judgment interest and reasonable attorneys' fees;

(6)     On Count VI, for Restitution, that Defendant Louis Benevento and/or the Personal Representative of the Estate of Samyeann Benevento be ordered to return all property taken from Memorial Medical Center, including, but not limited to, funds taken from Memorial Medical Center, and/or to compensate Plaintiff for the loss of said property in an amount to be determined by the Court, but in no event less than $565,615.77, plus costs, pre-judgment interest and reasonable attorneys' fees;

## JURY DEMAND

Plaintiff Zurich American Insurance Company demands a jury trial.

MILLER STRATVERT P.A.

*(electronically filed 1/6/11)*

By:   /s/ Aimee Martuccio Whitsell
        H. Brook Laskey
        Aimee Martuccio Whitsell
        *Attorneys for Plaintiff*
        500 Marquette NW, Suite 1100
        Post Office Box 25687
        Albuquerque, NM  87125-0687
        Tel. (505) 842-1950
        Fax. (505) 243-4408

\\Prolaw\ProClient\012746-043453\Pleadings\843866.doc